# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
### (Topeka Docket)

UNITED STATES OF AMERICA,

       Plaintiff,

       v.                 CASE NO. 22-40037-HLT

CHASE NEILL,

       Defendant.

---

## GOVERNMENT'S MOTION FOR COMPETENCY EVALUATION
### (18 U.S.C. § 4241)

---

APPEAR NOW the United States of America, by and through Jared S. Maag, Assistant United States Attorney, and Skipper S. Jacobs, Assistant United States Attorney, and respectfully submit the following in support of the government's motion to have the defendant evaluated for competency to stand trial:

1

## I.  PROCEDURAL HISTORY

On June 22, 2022, a grand jury sitting in Topeka, Kansas issued an Indictment charging the defendant with violating 18 U.S.C. § 115, namely, threatening a federal official.  (Doc. 1, Indt. at 1-3.)

On August 9, 2022, this Court issued a Trial Order setting this matter for trial beginning on September 13, 2022.  (Doc. 14, Trial Order at 1.)  As part of the Order, expert disclosures were due mid-August.  (*Id.*)

On August 19, 2022, the defendant filed a notice of expert testimony.  (Doc. 26, Notice at 1.)  In an un-filed companion letter to the notice, the defendant states his intent to call Dr. Maxwell to testify about his (the defendant's) alleged mental health disorders.  Though he intends to call an expert to talk about his mental health concerns, the defendant nevertheless states that he does not "***anticipate*** presenting a defense under Fed. R. Crim. P. 12.2." (*Id.* at 1) (emphasis supplied).[1]

## II.  ARGUMENT

Whether he anticipates arguing that he lacked the requisite mental state to commit the charged offense or not, the defendant has nevertheless raised serious concerns about his *present* mental state, such that the government feels obligated to file the instant motion.

---

[1] Rule 12.2 involves a defendant's obligation to notice the government of a defense of insanity.

Title 18, United States Code, Section 4241 permits an attorney for the government to file a motion for a hearing to determine competency, and the court shall grant the motion:

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and if] he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, (1960). The purpose of a pretrial evaluation is solely to make such a determination. *Wolf v. United States,* 430 F.2d 443, 444 (10th Cir. 1970). Failure to adequately address potential issues relating to competency can be considered violations of substantive or procedural due process rights. *Walker v. Attorney General of Oklahoma*, 167 F.3d 1339, 1343 (10th Cir. 1999).

The standard to order an evaluation is based on "reasonable cause." Reasonable cause includes circumstances where the court has a "bona fide doubt" as to the defendant's mental competence to stand trial. *Arnold v. United States*, 432 F. 2d 871, 873 (1970). The procedures of section 4244 should be employed where the court is put on notice of a defendant's prior mental

irregularities. *Id.* The government intends to submit evidence to demonstrate why a pre-trial evaluation is necessary in this instance. And to be sure, the defendant's *own admissions* that he likely suffers from various mental health concerns suggests there is more than reasonable cause to believe his mental condition is in question such that a competency evaluation is warranted.[2]

**WHEREFORE**, the United States respectfully requests the Court set this matter for hearing at the earliest convenience of the Court and parties and subsequently issue an Order directing a competency evaluation be completed prior to further proceedings in this case.

---

[2] Despite not having provided notice of an intent to rely on an insanity defense pursuant to Rule 12.2, the defendant has nonetheless indicated his intent to present expert testimony of his mental health relative to the commission of the offense. The government intends to oppose such evidence under F.R.E. 401 and 403; however, should the Court allow such evidence, then the government submits that a psychiatric or psychological examination under 18 U.S.C. Sec. 4242 is appropriate and should be conducted at the same time as the competency evaluation in the interests of efficiency.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

By:  /s/ *Jared S. Maag*

JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Ph: 785.295.2850 (Office)
Fax: 785.295.2853
jared.maag@usdoj.gov

By:  /s/ *Skipper S. Jacobs*

SKIPPER S. JACOBS, KS Bar No. 26848
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Ph: 785.295.2850 (Office)
Fax: 785.295.2853
skipper.jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2022, I electronically filed the foregoing Motion with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Melody Brannon
Melody_Brannon@fd.org

Kirk Redmond
Kirk_Redmond@fd.org

By: /s/ *Jared S. Maag*
JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney