# In the United States District Court
# For the District of Kansas

**United States of America,**
    Plaintiff,

v.                                            **Case No. 5:22-cr-40037-HLT-1**

**Chase Neill,**
    Defendant.

## Motion in Limine

Pursuant to FRE 401 and 403, Mr. Neill moves to exclude a message designated as voicemail 9, left with Rep. LaTurner's office on June 6, 2022.

1. **The voicemail.**

June 6th, in the ninth voicemail Mr. Neill left at Representative LaTurner's office, Mr. Neill says that he wants Mr. LaTurner to think about his children. He relates that he wants Mr. LaTurner to be standing there while a man takes his little daughter and rapes her, tortures her, and kills her. Mr. Neill says he wants Rep. LaTurner to imagine that happening over and over. He also asks Rep. LaTurner to imagine that "they" had done something to his heart so Rep. LaTurner could not feel pain, but he could feel pain nonetheless. This evidence should be excluded under FRE 401 and 403.

**2. Relevance and prejudice.**

Under FRE 401, evidence is relevant if it "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. But even relevant evidence may be excluded. Under FRE 403, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

**3. Analysis.**

It is very difficult to tell if Mr. Neill is threatening Rep. LaTurner's daughter in voicemail 9.[1] Mr. Neill repeatedly asks Rep. LaTurner to "imagine" that particular events were occurring, and never says that he will cause them to occur. To the extent this voicemail is not a threat, it is irrelevant. To the extent this voicemail is a threat, it is overwhelmingly prejudicial.

Voicemail 9 is not relevant, for two reasons. First, the voicemail doesn't "communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual."[2] Rather, it asks Rep. LaTurner to imagine a particular series of events. As such, voicemail 9 does not make more or less probable that Mr. Neill threatened Rep. LaTurner himself. Second, Congress carefully

---

[1] We will separately email voicemail 9 to the Court for ease of reference in deciding the motion.

[2] *Virginia v. Black*, 538 U.S. 343, 359 (2003).

delineated the scope of § 115 to encompass only threats to "assault, kidnap, or murder." Most of voicemail nine concerns another crime: rape. Had Congress wished to include threats to rape with § 115(b), it knew how to do so;[3] that it did not shows that Congress didn't want to.[4] So, voicemail 9 evidences a different crime, and could be relevant only to show that Mr. Neill's alleged threat in that voicemail makes the possibility that he threatened Rep. LaTurner in other voicemails more probable because Mr. Neill has a propensity to threaten people. But that inference is forbidden by the Tenth Circuit,[5] and the evidence therefore cannot be relevant.

Even if voicemail 9 has some passing relevance, it is incredibly and unfairly prejudicial. The "potential of unfair prejudice from the introduction of threats is severe."[6] Even more so here, where the putative threat involves a sex crime against a child. Courts have "recognized that severe prejudice can result from the use of

---

[3] Congress repeatedly delineates murder, assault, and rape as different offenses. *See* 18 U.S.C.A. § 2441(d)(1)(D), (G) (defining murder and rape separately); 34 U.S.C.A. § 41305 (listing murder, forcible rape, aggravated assault, and simple assault separately); 8 U.S.C.A. § 1375a(d)(2)(B)(ii) (listing murder, assault, rape, and kidnapping separately); 8 U.S.C.A. § 1101(a)(15)(U)(iii) (listing rape, murder, felonious assault, and kidnapping separately); 34 U.S.C. § 11103(14) ("[T]he term 'serious crime' means criminal homicide, forcible rape or other sex offenses punishable as a felony, mayhem, kidnapping, aggravated assault, drug trafficking, robbery, larceny or theft punishable as a felony, motor vehicle theft, burglary or breaking and entering, extortion accompanied by threats of violence, and arson punishable as a felony.").

[4] *United States v. Burkholder*, 816 F.3d 607, 615 (10th Cir. 2016) ("Congress clearly knew how to add a proximate-cause requirement in criminal penalty-enhancement statutes when it wished to do so. That it nevertheless did not do so in § 841(b)(1)(E) is thus very telling; indeed, it suggests that Congress intended to omit a proximate cause requirement"); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 572 (1979) ("Obviously, then, when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly."); *United States v. Holmes*, 727 F.3d 1230, 1244 (10th Cir. 2013) ("Congress knew how to draft a period of limitations.... That Congress chose not to ... does not appear accidental, and we must honor Congress's choice.").

[5] *United States v. Commanche*, 577 F.3d 1261, 1268 (10th Cir. 2009).

[6] *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 898 (9th Cir. 1996).

death threat testimony and, accordingly, we have carefully limited that use to situations where there was a clear need for the prosecution to use such evidence."[7] Reversal is a common antidote when the government admits such evidence.[8]

The government doesn't need this evidence to prove what it charged; a death or assault threat against Rep. LaTurner. The evidence doesn't make the indicted allegation any more likely to be true, and it poses a unique risk of serious and unfair prejudice. The Court should exclude voicemail 9.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Ave., Suite 200
Topeka, KS 66603
Telephone: (785) 232-9828
Fax: (785) 232-9886
Melody_Brannon@fd.org

---

[7] *United States v. Check*, 582 F.2d 668, 685 (2nd Cir. 1978).

[8] *United States v. McManaman*, 606 F.2d 919, 926 (10th Cir. 1979) (Reversing conviction where government admitted threats of murder; "we must hold that its probative value was substantially outweighed by the danger of unfair prejudice and that admission of the evidence was prejudicial error under the Rule."); *United States v. Sullivan*, 919 F.2d 1403, 1417 (10th Cir. 1990) (reversing conviction where government presented evidence that defendant had previously committed drug crimes in Mississippi, and that a co-conspirator was believed to be a sniper); *United States v. Weir*, 575 F.2d 668, 761 (8th Cir. 1978) (reversing conviction because threat evidence "suggested that appellants be convicted of bank robbery because they were bad men who had threatened to kill or attempted to kill law enforcement agents or informers.").

s/ Kirk Redmond  
Kirk Redmond, KS #18914  
First Assistant Federal Public Defender  
117 SW Sixth Avenue, Suite 200  
Topeka, KS 66603-3840  
Telephone: 785-232-9828  
Fax: 785-232-9886  
Email: kirk_redmond@fd.org


s/ Lydia Krebs  
LYDIA KREBS, #22673  
Assistant Federal Public Defender  
300 N Main St, Suite 850  
Wichita, KS 67202  
Phone: 785-232-9828  
Fax: 785-232-9886  
Email: lydia_krebs@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 22, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

                                    s/ Melody Brannon  
                                    MELODY BRANNON, #17612