# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
### (Topeka Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

      v.                     CASE NO. 5:22-cr-40037-HLT-1

CHASE NEILL,

        Defendants.

---

## JOINT PROPOSED JURY INSTRUCTIONS

---

APPEAR NOW the United States of America, by and through Jared S. Maag, Assistant United States Attorney, Skipper S. Jacobs, Assistant United States Attorney, and the defendant, by and through counsel, Melody Brannon, Federal Public Defender, and Kirk Redmond, First Assistant Federal Public Defender, and respectfully submit the following proposed jury instructions. The parties move the Court for leave to supplement or delete from the instructions after the commencement of trial if the evidence introduced would require the proposal of additional instructions.

<u>PROPOSED INSTRUCTIONS</u>

INSTRUCTION NO. _____

Now that you have heard all the evidence, it becomes my duty to instruct you on the law that applies in this case. In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

In the jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is your duty, as judges of the facts, to follow and apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions in whole. Neither are you to be concerned with the wisdom of any rule of law I state. That is, you must not substitute or follow your own notion or opinion about what the law is or ought to be. It is your duty to apply the law.

INSTRUCTION NO.

In the Indictment in this case, the defendant is charged substantially as follows:

<u>COUNT ONE</u>

Threatening a Federal Official
[18 U.S.C. § 115]

That on or about June 5, 2022, in the District of Kansas, the defendant,

CHASE NEILL,

did threaten to assault and murder a United States official, namely, a member of Congress, United States Representative Jake LaTurner (KS-02), with the intent to impede, intimidate, and interfere with such official while he was engaged in the performance of his official duties, and with the intent to retaliate against such official on account of the performance of his official duties.

All in violation of Title 18, United States Code, Sections 115(a)(1)(B), with reference to Title 18, United States Code, Sections 115(b)(4) and (c)(4).

INSTRUCTION NO. _____

An indictment is just a formal method of accusing a defendant of a crime. It is not evidence of any kind against a defendant and does not create any presumption or permit any inference of guilt. It is a mere charge or accusation – nothing more and nothing less.

INSTRUCTION NO. _____

The indictment charges that a crime was committed "on or about" a certain date. It is not necessary that the proof establish with certainty the exact date of the alleged crime. It is sufficient if the evidence shows beyond a reasonable doubt that the crime was committed on a date reasonably near the alleged date.

INSTRUCTION NO._____

To the charges contained in the Indictment, the defendant has entered pleas of "not guilty." That pleas puts in issue every element of the crimes charged and makes it incumbent upon the government to prove beyond a reasonable doubt every element of the crimes charged.

INSTRUCTION NO. _____

Proposed Defense Jury Instruction No. _____

Threatening a United States Official with the Intent to Impede,
Intimidate, Interfere, or Retaliate
18 U.S.C. § 115

The defendant is charged in Count One with Threatening a United States Official with the Intent to Impede, Intimidate, Interfere, or Retaliate, a violation of 18 U.S.C. Section 115(a)(1)(B).

To find the defendant guilty of the offense charged in Count One, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:          That the defendant threatened to assault or murder Jake LaTurner.

*Second*:     That Jake LaTurner was a United States official.

*Third*:       That the defendant intended to

(1)     impede, intimidate, or interfere with LaTurner while LaTurner was engaged in the performance of his official duties; or

(2)     retaliate against LaTurner on account of the performance of his official duties.[1]

_____

[1] *See* § 115(a)(1)(B).

As used in this instruction, "threatened" means "made a true threat."[2] A communication constitutes a true threat to assault or murder if a reasonable person would conclude, based on the language of the communication and the context in which it was delivered, that an actual threat to assault or murder has been made.[3] The speaker need not actually intend to carry out the threat.[4] A true threat is not constitutionally protected speech.[5]

In determining whether a communication constitutes a true threat to assault or murder, you should consider the following factors: (1) the content of any surrounding

---

[2] *Cf. United States v. Stevens*, 881 F.3d 1249, 1253 (10th Cir. 2018) ("In line with the First Amendment, [18 U.S.C. § 875(c)'s] threat element requires proof that a reasonable person would understand the communication to be a threat. Under the reasonable person standard, '[t]he question is whether those who hear or read the threat reasonably consider that an actual threat has been made.'" (second alteration in original) (citations omitted)).

[3] *Cf. id.* at 1253; *United States v. Magleby*, 241 F.3d 1306, 1311 (10th Cir. 2001) ("In determining the existence of a threat in other contexts, this circuit has adopted an objective test, focusing on whether a reasonable person would find that a threat existed."); Pattern Crim. Jury Instr. 10th Cir. 2.36 (2021) (defining a threat, in relevant part, as a communication that, "under the circumstances[,] would cause apprehension in a reasonable person" (bracketed phrases in original)).

[4] *See Virginia v. Black*, 538 U.S. 343, 359-60 (2003) ("True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. See *Watts v. United States, supra,* at 708, 89 S.Ct. 1399 ("political hyberbole" is not a true threat); *R.A.V. v. City of St. Paul,* 505 U.S., at 388, 112 S.Ct. 2538. The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats "protect[s] individuals from the fear of violence" and "from the disruption that fear engenders," in addition to protecting people "from the possibility that the threatened violence will occur." *Ibid.* Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death. Respondents do not contest that some cross burnings fit within this meaning of intimidating speech, and rightly so. As noted in Part II, *supra,* the history of cross burning in this country shows that cross burning is often intimidating, intended to create a pervasive fear in victims that they are a target of violence.) *See United States v. Stacy*, 568 Fed. App'x 545, 548, 549 (10th Cir. 2014) (unpublished) (providing that for the purpose of instructing the jury on both 18 U.S.C. 115 and 875(b), the district court instructed "It is not necessary to prove that [the defendant] actually intended to carry out the threat.")

[5] *See United States v. Heineman*, 767 F.3d 970, 973 (10th Cir. 2014). *See also Virginia v. Black*, 538 U.S. 343, 359-60 (2003).

communications;[6] (2) the reactions of those who heard or read the communication;[7] and (3) whether the speaker had the apparent ability to carry out the threatened assault or murder.[8] Although the government need not prove that the speaker had the actual ability to carry out the threatened assault or murder,[9] the speaker's apparent inability to carry out the threatened assault or murder may constitute a relevant circumstance in determining whether a communication constitutes a true threat.[10]

As used in this instruction, the phrase "United States official" includes a member of Congress.[11]

---

[6] Cf. United States v. Khan, 937 F.3d 1042, 1051 (7th Cir. 2019) ("The communication must be one that a reasonable observer, considering the context and circumstances of the statement, including surrounding communications, would interpret as a true threat.").

[7] Cf. Stevens, 881 F.3d at 1254; Magleby, 241 F.3d at 1311 ("To determine whether this objective test is satisfied, this court has stated that a trier of fact may look to the reaction of the recipient of the alleged threat.").

[8] Cf. Stevens, 881 F.3d at 1256 ("[W]e may consider the speaker's apparent intention or ability to carry out the threat in determining whether the communication was a true threat.").

[9] Cf. United States v. Viefhaus, 168 F.3d 392, 395–96 (10th Cir. 1999) ("It is not necessary to show that defendant intended to carry out the threat, nor is it necessary to prove he had the apparent ability to carry out the threat.").

[10] Cf. Stevens, 881 F.3d at 1256 ("[W]e may consider the speaker's apparent intention or ability to carry out the threat in determining whether the communication was a true threat.").
[11] § 115(c)(4).

As used in this instruction, "impede" means "to interfere with or slow the progress of."[12] "Intimidate" means "to compel or deter by or as if by threats."[13] And "interfere" means "to interpose in a way that hinders or impedes."[14]

In order to act with the intent to impede, intimidate, or interfere with an official engaged in the performance of official duties, a person must act with the intent to affect whether or how the official performs those official duties in the future.[15] In other words, making a threat with the intent to frighten an official—even one who is engaged in the performance of official duties—is not enough.[16] The person must both make a threat to

---

[12] *Impede*, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.merriam-webster.com/ dictionary/ impede; *see impede*, OXFORD ENGLISH DICTIONARY ONLINE, https://www.oed.com/view/Entry /92192?rskey=o21n70&result=2#eid ("To retard in progress or action by putting obstacles in the way; to obstruct; to hinder; to stand in the way of."); *cf. United States v. Alexander*, 292 F.3d 1226, 1233 (10th Cir. 2002) ("'Impede' is defined as 'to interfere with or get in the way of the progress of.'" (citation omitted)); *cf. also Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1231–32 (10th Cir. 2016) (relying on dictionary definitions to determine the ordinary meaning of statutory terms; noting that unless giving statutory terms their ordinary meaning yields an ambiguous or irrational result, the statute's "literal language" controls (citation omitted)).

[13] *Intimidate*, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.merriam-webster.com/ dictionary/intimidate; *see intimidate*, OXFORD ENGLISH DICTIONARY ONLINE, https://www. oed.com/view/Entry/98513?result=1&rskey=DdMtI5& ("[T]o force to or deter from some action by threats or violence."); *cf. United States v. Norton*, 808 F.2d 908, 909–11 (1st Cir. 1987) (agreeing that "the word 'intimidate,' as used in [18 U.S.C. § 844(d)], necessarily includes the added notion of affecting future behavior.").

[14] *Interfere*, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.merriam-webster.com/dictionary /interfere; *see interfere*, OXFORD ENGLISH DICTIONARY ONLINE, https://www.oed.com/ view/Entry/ 97761?isAdvanced=false&result=2&rskey=PJXzjF& ("To come into collision or opposition, so as to affect the course of."); *id.* ("To interpose, take part, so as to affect some action; to intervene.").

[15] *Cf. Norton*, 808 F.2d at 909–11 ("Certainly, the possibility exists of using the word ['intimidate'] to refer simply to 'putting in fear' or 'cowing.' Still, the more plausible common modern legal usage invokes an element of affecting future behavior."); *cf. also Yates v. United States*, 574 U.S. 528, 543 (2015) ("[W]e rely on the principle of *noscitur a sociis*—a word is known by the company it keeps—to 'avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress.'" (citation omitted)).

[16] *Cf. Norton*, 808 F.2d at 909–11.

assault or murder the official *and* intend for that threat to have some effect on whether or how the official performs those official duties.[17]

As used in this instruction, "retaliate" means "to get revenge" for some past action.[18] In order for a person to act with the intent to retaliate against an official on account of the performance of the official's duties, it is not enough for the person to believe that the official performed the official duties in question. The official must have actually performed those official duties, and the person must intend to retaliate against the official on account of such actual performance.[19]

---

[17] *Cf. Navajo Nation v. Dalley*, 896 F.3d 1196, 1215 (10th Cir. 2018) ("[T]he canon against surplusage indicates that we generally must give effect to all statutory provisions, so that no part will be inoperative or superfluous—each phrase must have distinct meaning." (citation omitted)); *cf. also United States v. Ansberry*, 976 F.3d 1108, 1128 n.12 (10th Cir. 2020) ("'[T]o the extent any ambiguity remains' after exhaustion of the evidence of congressional meaning, 'the tie goes to the presumptively free citizen and not the prosecutor' under the rule of lenity." (citation omitted)).

[18] *Retaliate*, MERRIAM-WEBSTER DICTIONARY ONLINE, https://www.merriam-webster.com/dictionary/retaliate; *see retaliate*, OXFORD ENGLISH DICTIONARY ONLINE, https://www.oed.com/view/Entry/164167?isAdvanced=false&result=1&rskey=UGzfHO& ("To take revenge for an injury, insult, etc.; to attack in return.").

[19] *Cf. Ansberry*, 976 F.3d at 1126–30 (10th Cir. 2020) (holding that in order for a defendant to act with the "specific intent to retaliate against government conduct," it is not enough for the defendant to "subjectively believe[]" that government conduct occurred; noting that "other criminal statutes account for a defendant's subjective perceptions . . . by expressly referring to 'the actual or perceived' circumstances at issue" (citation omitted)); *id.* at 1128 n.12 (explaining that even if it was possible to reasonably interpret the government-conduct requirement as turning on the defendant's subjective beliefs, "the rule of lenity" required the Court to interpret the resulting ambiguity in the defendant's favor).

INSTRUCTION NO. _____

The law presumes a defendant to be innocent of crime.  This presumption remains with a defendant throughout the trial.  Thus, the defendant, although accused, began the trial with a "clean slate," with no evidence against him and the law permits you to consider only the legal evidence presented during the trial in support of any charge against the defendant.  The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied of the defendant's guilt beyond a reasonable doubt, from all the evidence in the case.

INSTRUCTION NO. _____

The government has the burden of proving a defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It only requires that the government's proof exclude any "reasonable doubt" about the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find the defendant guilty. If on the other hand, you think there is a real possibility that the defendant is not guilty, you must give the defendant the benefit of the doubt and return a verdict of not guilty.

INSTRUCTION NO. _____

Burden of proof means burden of persuasion. The burden is always upon the government to prove beyond a reasonable doubt every element of the crimes charged. In determining whether the government has met this burden, you must consider all the evidence.

INSTRUCTION NO. _____

It is permissible for an indictment to use the word "and" although the statute employs the word "or." In other words, a crime denounced in the statute disjunctively ("or") may be alleged in an indictment in the conjunctive ("and"), and thereafter proven in the disjunctive ("or").[20]

---

[20] *United States v. Powell*, 226 F.3d 1181, 1191 n. 4 (10th Cir. 2000).

INSTRUCTION NO. _____

In every crime there must exist a union or joint operation of act and intent. The burden is always upon the government to prove both act and intent beyond a reasonable doubt.

INSTRUCTION NO._____

The question of intent is a matter for you to determine.

Intent is a state of mind. Since it is not possible to look in a person's mind to see what went on, the only way you have of determining the intent of the defendant is for you to take into consideration all of the facts and circumstances shown by the evidence, including the exhibits, and determine from all such facts and circumstances what the intent of the defendant was at the time in question.

INSTRUCTION NO. _____

The defendant is on trial only for the acts alleged in the indictment. He is not on trial for any other acts or conduct. In determining whether the defendant is guilty or innocent, you are therefore to consider only whether the defendant has committed, or has not committed, the offenses charged in the Indictment. Even if you believe that the defendant is guilty of some offense not charged in the Indictment, you must find him not guilty if the evidence does not show beyond a reasonable doubt that he has committed the specific offense charged in the Indictment.

INSTRUCTION NO. _____

You must make your decision based only on the evidence that you saw and heard here in this courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of the court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I made certain rulings.  You must not speculate about the reasons for my rulings.  Any disputes of this kind are not evidence, and you should not speculate about them.  You are bound by your oath not to let them influence your decision in any way.

INSTRUCTION NO. _____

There are two types of evidence from which a jury properly may find a defendant guilty of crime. One is direct evidence, such as the testimony of an eyewitness. The other is circumstantial evidence, the proof of a chain of circumstances pointing to the commission of the offense.

The law makes no distinction between direct and circumstantial evidence but requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

INSTRUCTION NO. _____

The weight to be given the evidence is determined not by the number of witnesses or the amount of testimony produced by either side, but by the credibility of the witnesses and the nature and quality of their testimony. The evidence of one witness who is entitled to full credit is sufficient for the proof of any fact in this case, and you would be justified in returning a verdict in accordance with that testimony even though a number of witnesses gave conflicting testimony if, from consideration of the whole case and the reliability and credibility of the various witnesses, you believe the one witness over the greater number of witnesses.

Always keep in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. _____

In considering the evidence in this case, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as it applies to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law applicable to, this case.

INSTRUCTION NO. _____

Although you must consider all the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness's relationship to the government or to the defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the witness's opportunity and ability to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

INSTRUCTION NO. _____

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. _____

[During the trial you heard the testimony of who expressed opinions concerning —
—————.] In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made. In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement. After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

INSTRUCTION NO. _____

If needed

The defendant did not testify in this trial.  I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants every defendant the right to remain silent.  This means every defendant in a criminal case has a right not to testify.  That is a constitutional right in our country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

INSTRUCTION NO. _____

You are instructed that the testimony offered by agents, officers, or employees of the government must not be given any greater weight or credibility by the fact alone of their office, but that such testimony should be weighed and considered on the same grounds and for the same reasons that testimony of every other witness is weighed and judged.

INSTRUCTION NO. _____

During the trial, I considered and ruled on objections to the admission of certain testimony or exhibits offered as evidence. Questions about the admissibility of evidence are questions of law solely for me to decide, and you must not concern yourselves with the reasons for my rulings. In your consideration of the case, you must draw no inference from these rulings, and you must consider only the evidence which I admitted.

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial, have I intended to interpose any opinion or suggestion about how I would resolve any of the issues of this case. If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard that remark.

INSTRUCTION NO._____

Statements, questions, and arguments of counsel are not evidence. The evidence consists of the sworn testimony of the witnesses and all exhibits received in evidence.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

INSTRUCTION NO. _____

The punishment provided by law for the crime charged is a matter exclusively within the province of the court and the jury may not consider that question in any way when deciding whether the defendant is guilty or not guilty of the crime charged.

You should also not discuss or consider what actions the federal, state, or local governments may take if you find Mr. Neill not guilty

INSTRUCTION NO. _____

During your deliberations, that is, when all of you are together in the jury room, you are released from the admonition prohibiting discussion of the case.

The admonition prohibiting discussion remains in effect, however, at any time when fewer than all of you are present in the jury room, or when you are away from the courthouse. The admonition about reading, listening to or watching news reports about the case, doing any sort of independent investigation, or discussing the case with any third party, remains in effect at all times until I release you from this admonition. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

Until I accept your verdict and discharge you, you must not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case during deliberations in the jury room when all of your fellow jurors are present there. I expect you to inform me as soon as you become aware of another juror's violation of these instructions.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in

this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely affect the judicial process.

The alternate jurors will not be allowed to participate in deliberations, but they remain bound by all aspects of the admonition until they are discharged. The clerk will notify the alternate jurors of the verdict and, if appropriate, when they will need to return.

INSTRUCTION NO._____

      During your deliberations, you may refer, if you wish, to any notes you took during the trial.  Remember, however, that your notes are not evidence and remember, also, that it is your memories regarding the evidence, and not your notes, which control.

INSTRUCTION NO._____

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to the verdict.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

INSTRUCTION NO._____

Upon retiring to the jury room, you should first select one of your members to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room, and when you have reached a unanimous agreement in your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please reduce your message or question to writing, signed by the foreperson, and pass the note to the jury bailiff, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you in person. I caution you, however, any message or question you might send should never disclose or specify the number (or proportion) of jurors favoring any aspect of your deliberations.

INSTRUCTION NO._____

A final suggestion by the Court—not technically an instruction about the law—may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of the juror's opinion about the case or to announce a determination to stand for a certain verdict. The reason is obvious: We are all human and it is difficult to back away from a position once definitely stated, even though later convinced the position is unsound.

Jurors are selected to do justice. This presupposes and requires deliberation—counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving substantial rights and interests. You will make a definite contribution to justice when and if you arrive at a just and proper verdict under the evidence presented during this trial. No one can ask more of you, and you will not be satisfied if you do less.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

      v.                       CASE NO. <u>22-40037-HLT</u>

CHASE NEILL,

        Defendant.


# <u>VERDICT</u>


    WE, the jury, find the defendant CHASE NEILL

        Not Guilty   <u>          </u>

        Guilty      <u>          </u>

as charged in Count One of the Indictment.



    Dated this <u>            </u> day of September, 2022.



                               <u>                           </u>
                                     FOREPERSON

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

By:    /s/  *Jared S. Maag*

JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Ph: 785.295.2850 (Office)
Fax: 785.295.2853
jared.maag@usdoj.gov

By:    /s/  *Skipper S. Jacobs*

SKIPPER S. JACOBS, KS Bar No. 26848
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Ph: 785.295.2850 (Office)
Fax: 785.295.2853
skipper.jacobs@usdoj.gov

Approved:

/s/ Melody Brannon
Federal Public Defender
Melody_Brannon@fd.org

/s/ Kirk Redmond
First Assistant Federal Public Defender
Kirk_Redmond@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 22d day of August 2022, I electronically filed the foregoing Proposed Jury Instructions with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Melody Brannon
Federal Public Defender
Melody_Brannon@fd.org

Kirk Redmond
First Assistant Federal Public Defender
Kirk_Redmond@fd.org


By:    /s/ *Jared S. Maag*

JARED S. MAAG, Ks. Bar. No. 17222
Assistant United States Attorney