# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS
(Topeka Docket)

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                    CASE NO.: **22-40037-HLT**

CHASE NEILL,

    Defendant.

## GOVERNMENT'S MOTION IN LIMINE

APPEAR NOW the United States of America, by and through Jared S. Maag, Assistant United States Attorney, and Skipper S. Jacobs, Assistant United States Attorney, and respectfully submit the following in support of their motion in limine to prevent the defendant from introducing irrelevant and presumed "expert" testimony involving the alleged mental state of the defendant.

**I.**    **Standard of Review**

It is well-settled that a motion in limine memorializes "a request for guidance by the court regarding an evidentiary question, which the court may provide at its

1

discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995); *see also Black's Law Dictionary* (10th ed. 2014) (defining a motion in limine as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.").

## II. Evidence in Question

Without qualifying an expert witness in accordance with Fed. R. Crim. P. 12.2, the defendant nevertheless indicates he will call an expert witness to "explain and give context to the government's evidence." (Doc. 26, Def. Expert Notice at 1.) The government objects to any expert testifying about the defendant's mental state outside of the parameters set forth in Fed. R. Crim. P. 12.2.

## III. Evidentiary Standards

Evidence is admissible if it is relevant and otherwise does not violate the Constitution, a federal statute, the Federal Rules of Evidence, or other rules promulgated by the Supreme Court. Fed. R. Evid. 402. Likewise, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Establishing relevance is not a difficult task and need only provide the factfinder with a basis for making some inference or a chain of inferences. *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007). However, relevant evidence is still subject to exclusion "if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id*. at 1218 (quoting Fed. R. Evid. 403).

IV. **Argument**

Fed. R. Crim. P. 16(b)(1)(C)(ii) provides in relevant part that a defendant must produce a summary of expert testimony upon giving the government notice under Rule 12.2(b) of an intent to have an expert testify on the defendant's mental condition. Here, the defendant has notified the government of its intent to call an expert witness *outside* the parameters of Rule 12.2. This course of action proves to be a convenient method for avoiding the triggering of Rule 12.2(c)(1)(B) authorizing the government to have the defendant examined in accordance with 18 U.S.C. § 4242. However, there is precedent to support the argument that the government should be given an opportunity to have the defendant examined when the defendant relies on expert testimony outside the procedures of Rule 12.2. *See United States v. Wilson*, 2013 WL 1338710, at *5 n.4 (E.D.N.Y. 2013). Indeed, it seems fundamentally fair to allow the government an opportunity to examine the defendant when the defendant intends to rely on expert testimony which will assuredly center on the defendant's mental state at the time of the alleged threats. *Id*. at *5 ("If Wilson opens the door by introducing evidence (and/or making arguments) concerning Wilson's diminished mental capacity predicated upon statements he has made, then the jury may be left with a lopsided view of the facts. Principles of fundamental

3

fairness may then require allowing the Government to rebut this evidence with testimony predicated on examinations that Wilson invited when he asserted his *Atkins* claim. Wilson cannot *implicitly* argue his mental capacity with evidence containing his own statements while concurrently seeking to prevent the Government from *explicitly* asserting the same.")

The government submits that any testimony by an expert addressing the defendant's mental state is irrelevant unless such testimony is the product of an examination pursuant to Rule 12.2. Moreover, the prejudicial nature of allowing the defendant to present expert testimony about his state of mind without the government having an opportunity to potentially defend against such arguments is readily apparent.

## V. <u>CONCLUSION</u>

Unless and until the defendant files a proper notice of expert testimony under Rule 12.2 allowing for equal access to the defendant to determine his mental state—an issue the defendant clearly wants to litigate—the defendant's notice should be rejected, and he should be prevented from presenting testimony from his named expert.

DUSTON J. SLINKARD
United States Attorney
District of Kansas


By:     /s/ *Jared S. Maag*

       JARED S. MAAG, KS Bar No. 17222
       Assistant United States Attorney
       District of Kansas
       290 Carlson Federal Building
       444 SE Quincy Street
       Topeka, KS 66683
       Ph: 785.295.2850 (Office)
       Fax: 785.295.2853
       jared.maag@usdoj.gov


By:     /s/ *Skipper S. Jacobs*

       SKIPPER S. JACOBS, KS Bar No. 26848
       Assistant United States Attorney
       District of Kansas
       290 Carlson Federal Building
       444 SE Quincy Street
       Topeka, KS 66683
       Ph: 785.295.2850 (Office)
       Fax: 785.295.2853
       skipper.jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22d day of August 2022, I electronically filed the foregoing Motion in Limine with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Melody Brannon
Melody_Brannon@fd.org

Kirk Redmond
Kirk_Redmond@fd.org

By:    /s/ *Jared S. Maag*

JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney