IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

 Plaintiff,

 v.

CHASE NEILL,

 Defendant.

Case No. 5:22-cr-40037-HLT-1

## ORDER

 The government moves for a competency evaluation under 18 U.S.C. § 4241(a). Doc. 28. Defendant filed a response in opposition. Doc. 30. The Court held a hearing on August 23, 2022, to discuss the motion and received five exhibits: Government Exhibits 1, 2, and 3, and Defendant Exhibits 800 and 801.

 Under 18 U.S.C. § 4241, the Court may order a hearing to determine competency "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Reasonable cause exists where a reasonable judge would have a bona fide doubt as to a defendant's competency. *United States v. Herrera*, 481 F.3d 1266, 1271-72 (10th Cir. 2007). A court may consider a defendant's behavior in court, demeanor, prior medical opinions, evidence of mental illness, and representations of counsel. *Id.* at 1272. However, the presence of a mental disorder does not necessarily mean a defendant is incompetent. *United States v. Mackovich*, 209 F.3d 1227, 1233 (10th Cir. 2000). Representations of defense counsel also carry significant weight. *See Herrera*, 481 F.3d at 1273.

The Court has considered the parties' briefing, evidence, and argument as well as its own observations and interactions with Defendant. At this time, the Court does not have reasonable cause to believe that Defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court reviewed the government's exhibits, which are past competency evaluations in various state-court matters. The Court understands that Defendant was judged competent in May 2018, incompetent in March 2019, and competent in October 2019. Defendant also has been diagnosed with mental illness. But there is nothing in the record that <u>currently</u> calls his competency into question.

The Court also reviewed Defendant's exhibits. As recently as June 2022, he was determined not to be a danger to himself or others in a state-court guardianship proceeding. He was also able to participate and properly answer questions in a very recent (August 20, 2022) pretrial interview with the U.S. Probation Office. And he has also been evaluated and determined competent by a doctor retained by defense counsel, who found that Defendant understood the consequences of his actions and appreciated defense counsel's role in this case.[1] And importantly, Defendant's attorneys (the Federal Public Defender and First Assistant), who are both highly experienced and well-respected criminal defense attorneys, have represented to the Court that they harbor no doubts about Defendant's competency at this time.[2]

Their representations align with the Court's observations. The Court observed and interacted with Defendant at the August 8 and August 23 hearings. Although Defendant may harbor some unique views, he has actively participated in his defense and is able to respond

---

[1] This doctor is on Defendant's witness list, Doc. 20, and has been made available to the government for questioning.

[2] The Court credits the government's candid acknowledgment that defense counsels' observations are entitled to significant weight. The Court also acknowledges both its obligation and the obligation of counsel to raise the issue if Defendant's competency is later called into question.

appropriately. He explained his desire for pretrial release at the August 8 hearing because he wants to "be on the outside" so he can help his attorneys prepare his defense. He also asked the Court to observe all speedy trial requirements, which again shows active engagement in the process and suggests he appreciates the nature and consequences of these proceedings. And he repeatedly engaged with counsel at the August 23 hearing in private conversations. The Court observed Defendant nodding along, following the discussion, and talking with counsel at appropriate times. Accordingly, based on all these considerations, at this time the Court does not harbor a bona fide doubt as to Defendant's current competency and therefore does not find reasonable cause to order a competency hearing under 18 U.S.C. § 4241.

THE COURT THEREFORE ORDERS that the Government's Motion for Competency Evaluation (Doc. 28) is DENIED.

IT IS SO ORDERED.

Dated: August 24, 2022 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE