# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

(Topeka Docket)

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                          CASE NO.: **22-40037-HLT**

CHASE NEILL,

      Defendant.

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION IN LIMINE
(Doc. 32)

APPEAR NOW the United States of America, by and through Jared S. Maag, Assistant United States Attorney, and Skipper S. Jacobs, Assistant United States Attorney, and respectfully submit the following in response to the defendant's motion in limine (Doc. 32):

The defendant moves this Court for an Order in limine preventing the government from introducing as evidence a recorded message wherein the defendant

1

states, in part, that he wishes Congressman LaTurner to imagine witnessing the rape, torture, and murder of his (LaTurner's) daughter.  (Doc. 32, Def. Mtn. in Limine at 1.)  The defendant maintains that this recorded message should be excluded from consideration by the jury under Fed. R. Evid. 401 and 403.  For the following reasons, this Court should overrule the defendant's motion.

The Tenth Circuit has plainly held that "our law *favors* admission of all relevant evidence not otherwise proscribed; thus, exclusion under [Rule 403] is 'an extraordinary remedy [that] should be used sparingly." *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011) (emphasis in original) (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)).  As a result, the necessary inquiry revolves around Rule 403 itself and whether the evidence's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Irving*, 665 F.3d at 1214.

Additionally, it is well-understood that "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Henthorn*, 846 F.3d 1241, 1256 (10th Cir. 2017); *United States v. Alfred*, 982 F.3d 1273, 1282 (10th Cir. 2020) (noting that the "unfair prejudice" as to

a criminal defendant speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense(s) charged) (internal citation omitted). In balancing these factors, this Court must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. *United States v. Merritt*, 961 F.3d 1105, 1115 (10th Cir. 2020). Likewise, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value. *Id*.

The maximum probative value of the challenged call is clear; it demonstrates the defendant's fixation with Congressman LaTurner and his willingness to threaten the Congressman in various ways. To that same end, the defendant's repeated phone messages to the Congressman must be viewed in the aggregate and not in isolation. This phone call gives context to the defendant's increasing frustration with the Congressman and establishes a pattern of behavior that was initially benign but clearly turned threatening. Likewise, this call, like many of the others, provides context that the defendant manifests sincere beliefs that he, unlike ordinary persons, is capable of and justified in meting out harm to the Congressman due to his believed status as a deity.

Finally, the jury must be allowed to objectively evaluate the defendant's repeated, menacing phone calls to better evaluate whether the alleged threat was

intended to impede, intimidate, and interfere with the performance of Congressman LaTurner's official duties, or whether the intent by the defendant was to retaliate against Congressman LaTurner on account of the performance of his official duties.

The phone call is prejudicial. No one will dispute that fact. But the defendant chose his words carefully in each message that he left for the Congressman. He should not be rewarded now with a decision to quash testimony which is far more probative than prejudicial.

In short, the maximum probative value of the evidence is high, and the minimum unfair prejudice remains relatively low. The government respectfully asks that the Court overrule the defendant's motion.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas


By:     /s/ *Jared S. Maag*
        JARED S. MAAG, KS Bar No. 17222
        Assistant United States Attorney
        District of Kansas
        290 Carlson Federal Building
        444 SE Quincy Street
        Topeka, KS 66683
        Ph: 785.295.2850 (Office)
        Fax: 785.295.2853
        jared.maag@usdoj.gov


By:     /s/ *Skipper S. Jacobs*
        SKIPPER S. JACOBS, KS Bar No. 26848
        Assistant United States Attorney
        District of Kansas
        290 Carlson Federal Building
        444 SE Quincy Street
        Topeka, KS 66683
        Ph: 785.295.2850 (Office)
        Fax: 785.295.2853
        skipper.jacobs@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August 2022, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Melody Brannon
Melody_Brannon@fd.org

Kirk Redmond
Kirk_Redmond@fd.org

By: /s/ *Jared S. Maag*
JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney