# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

     v.                                  Case No. **22-CR-40037-HLT**

**CHASE NEILL**,
        *Defendant.*

---

## OBJECTION TO GOVERNMENT'S MOTION TO CONTINUE TRIAL

---

Chase Neill, through undersigned counsel, objects to the government's recent request to continue the scheduled jury trial from September 13, 2022 to a date outside the time allowed by the Speedy Trial Act under 18 U.S.C. § 3161(h).[1] Mr. Neill asks the Court to deny the government's motion or alternatively, to dismiss the indictment.[2]

The government indicted Mr. Neill on June 22, 2022, with threatening U.S. Representative Jake LaTurner in violation of 18 U.S.C. § 115.[3] Mr. Neill was detained at the government's request and remains in custody at U.S.P.

---

[1] D.E. 41.

[2] 18 U.S.C. § 3162 (a)(2), Sanctions; *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010) (when there has been a violation of the Speedy Trial Act, the district court has broad discretion to dismiss the indictment with or without prejudice).

[3] D.E. 1.

Leavenworth.[4] At the August 9, 2022 status conference, Mr. Neill requested a speedy trial, without objection from the government, and the Court set the jury trial for September 13, 2022. The parties have since worked diligently to prepare for trial.

The government now asks to delay because an "essential witness," Rep. LaTurner, has a scheduling conflict. The Court should deny this motion for three reasons.

First, the government has not shown Rep. LaTurner's unavailability simply because Congress is in session on the scheduled trial dates. 18 U.S.C. §3161 was designed to protect the right to a speedy trial and the government bears the burden of proving that an essential witness is unavailable under subsection (h)(3)(B). That is, the government must show that Rep. LaTurner's "presence at trial cannot be obtained by due diligence."[5] Here, the government has not met the statutory exception. Congress's scheduled September session is not a surprise and was

---

[4] Mr. Neill recently moved to reopen his detention hearing without objection from the government, but the motion was denied. D.E. 35.

[5] *See United States v. Davies,* 291 F.Supp.3d 1252, 1256-57 ( D. Colo. 2017) (examining the government's statutorily insufficient explanation that a witness was unavailable because of a scheduling conflict with the witness's professional obligations); *United States v. Reed,* 253 F.Supp.3d 52, 59-60 (D.D.C. 2017) (court denied government's effort to delay trial when the government failed to show why four witnesses were essential or unavailable; "the court notes that the Government has submitted no evidence—in the form of affidavits or otherwise—to support its Motion, which could be fatal to its request for an exclusion under the 'essential witness' exception.").

publicly available information when the trial was set.[6] Further, a Congressional schedule for those days have not yet been announced.[7] The government's dramatic broad strokes that Rep. LaTurner's trial appearance will be at the "expense of another branch of government" are too vague to meet the statutory exception.[8] The government has simply not specified what obligations Rep. LaTurner has in Washington, D.C. on either September 14 or 15 that would trump the need for his timely testimony in the District of Kansas.

The government cites to *United States v. Guerrero*, 667 F.2d 862 (10th Cir. 1982).[9] This case discusses the ends-of-justice exception under subsection (h)(8), not unavailability of an essential witness.[10] There, the government alleged that the witness was "resisting appearing at the trial" because he was campaigning for the presidency of the United States.[11] The government had an interest in avoiding politics and untimely publicity, thus there was no clear error in continuing the trial

---

[6] https://docs.house.gov/floor/

[7] *Id.* ("A schedule has not yet been announced" for either September 14 or 15, 2022).

[8] D.E. 41. 5-7.

[9] D.E. 41 at 8.

[10] *See United States v. Allen,* 235 F.3d 482, 491 (10th Cir. 2000) ("If a delay caused by an unavailable witness could be excluded under (h)(8) in computing the maximum time to trial, however, then (h)(3), which specifically governs that situation, would be completely redundant. In the absence of any indication that Congress intended such a counter-intuitive result, we therefore conclude that paragraph (h)(8) is not applicable to an "essential witness" delay.").

[11] *Id.* at 866.

in what the Tenth Circuit deemed a "case of unusual character" involving the witness's right to exercise his "constitutionally protected activity" of political campaigning.[12] Here, the government cites no comparative factors. The case is inapt.

Second, even if Rep. LaTurner cannot be physically present in the District of Kansas, the defense previously offered to allow Rep. LaTurner to testify via teleconferencing. We stand by the offer. The government does not address this alternative or acknowledge the defense's offer in its motion.[13] The "use of two-way video conferencing technology creates a close approximation of the courtroom setting that can sufficiently safeguard" the Constitutional right to confrontation, especially when it is limited to one witness who will be sworn and the parties, judge, and jury will be present in person to see and hear the witness.[14]

Third, the government has not yet provided any reports or witness statements of this "essential witness," or answered the defense request to arrange for an independent interview.[15] Post-indictment and just three weeks before trial, it is questionable how essential the witness is if he has not yet been interviewed by government investigators—the government cannot say what evidence this witness

---

[12] *Id.*

[13] D.E. 41.

[14] *United States v. Dinuwelle*, 2022 WL 952082, at *3 (D.N.M. Mar. 30, 2022).

[15] At the last meet-and-confer, government investigators had not yet interviewed Rep. LaTurner, and therefore there were no written reports or statements to provide in discovery. Nothing has been provided to date.

will provide. It is also questionable whether he qualifies as a "direct recipient" of the alleged threats, as there are no government reports that Rep. LaTurner was advised of the communications. Lacking this discovery, the defense cannot further address whether Rep. LaTurner is essential.

In conclusion, Mr. Neill reasserts his statutory[16] and constitutional right to a speedy trial.[17] The government has not met the statutory exception to justify a trial outside of the Speedy Trial Act time. The motion should be denied.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Ave., Suite 200
Topeka, KS  66603
Telephone: (785) 232-9828
Fax: (785) 232-9886
Melody_Brannon@fd.org


s/ Kirk Redmond
Kirk Redmond, KS #18914
First Assistant Federal Public Defender
117 SW Sixth Avenue, Suite 200
Topeka, KS 66603-3840
Telephone: 785-232-9828
Fax: 785-232-9886
Email: kirk_redmond@fd.org

---

[16] 18 U.S.C. §3161(a).

[17] *Barker v. Wingo,* 407 U.S. 514, 531-532 (1972) (noting the defendant's burden to assert his right to a speedy trial).

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

                                              s/ Melody Brannon
                                              MELODY BRANNON, #17612