# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS
(Topeka Docket)

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                   CASE NO. 22-cr-40037-TC

CHASE NEILL,

    Defendant.

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

APPEARS NOW the United States of America, by and through Jared Maag, Assistant United States Attorney, and Skipper Jacobs, Assistant United States Attorney, and respectfully submit the following proposed voir dire questions for the Court's consideration.

### PROPOSED VOIR DIRE QUESTIONS

1. Do any of you know or have a relationship, personal or professional, with any member of the prosecution, the defense team, the defendant, the Court, or Court staff.

1

2. Do any of you have a relationship, personal or professional, with any member of the United States Attorney's Office, the Office of the Federal Public Defender, or the United States District Court for the District of Kansas, the Federal Bureau of Investigation, or the United States Capital Police?

3. Criminal prosecutions in federal court are prosecuted by the United States Attorney's Office, a component of the United States Department of Justice, an Executive Branch Component of the United States Government. Do any members of the jury panel distrust the federal government generally, or the Department of Justice specifically, to such an extent that you could not return a verdict of guilty, even if, after a fair consideration of the evidence, the government proved the alleged offense beyond a reasonable doubt?

4. Do any members of the jury panel harbor a general distrust of the criminal justice system to such an extent that you could not return a verdict of guilty even if, after a fair consideration of the evidence, the government proved the alleged offense beyond a reasonable doubt?

5. Do any members of the jury panel believe you must return a verdict of not guilty because the jury system is flawed, unfair, outdated, or some similar reason?

6. Have any of you been the victim of a crime, or do you have family members or friends who have been the victim of a crime?

7. The government alleges that the defendant in this case made a threatening communication to Representative Jake LaTurner, a Congressman elected to the 2nd District for the State of Kansas. It is anticipated the government will play one or more communications in its case-in-chief to support that allegation. The Court is not suggesting in any way that these recording contain threats or threatening language, that is for the jury to decide only after you begin your deliberations. However, the Court is inquiring, in a general sense, whether any member of the panel believes listening to a threatening communication would cause mental or emotional distress to the degree that such distress would, in and of itself, cause you to return a verdict of guilty?

8. You may hear evidence in this case concerning religious subject matter. The Court is not asking, nor should you share, your views or beliefs on religion. The Court, generally, is inquiring as to the following:

    a. Are there any members of the panel whose verdict is likely to be swayed, one way or another, because the defendant or some other person holds religious beliefs consistent or in opposition to your own beliefs?
    b. Are there any members of the panel whose verdict is likely to be swayed, one way or the other, because the defendant or some other witness made disparaging comments about certain religious traditions, groups, or affiliations?
    c. Are there any members of the panel who would be offended to such a degree that it would sway their verdict, one way or the other,

because the defendant or a witness made claims about their religious status or position that is inconsistent with your own beliefs?

9. Again, the government alleges that the victim in this matter is United States Representative Jake LaTurner, a member of the United States House of Representatives. Do any members of the panel have a personal or professional relationship with Congressman LaTurner or a member of his staff?

10. Congressman LaTurner is a political figure. The following question is intended to determine what, if any, effect that has on your decision making. The Court is not asking, nor should you share, your political views or affiliations. With that in mind, are there any members of the jury panel whose personal beliefs concerning politics, political ideologies, political positions, political affiliations, or the like, would influence your verdict in this matter? In other words, is there any member of the panel whose verdict would be swayed, one way or the other, because you support or disagree with Congressman LaTurner's political views or affiliations?

11. Are there any members of the jury panel who are likely to judge Congressman LaTurner's credibility favorably or unfavorably because he is an elected member of Congress?

12. Are there any members of the jury panel who hold opinions about Congressman LaTurner's performance as a member of Congress that would sway your verdict either way?

13. Are there any members of the jury panel who hold opinions about the performance of Congress generally that would likely sway their verdict either way?

14. Are any members of the panel constituents of Congressman LaTurner? Would the fact that you are a constituent of Congressman LaTurner influence your verdict either way?

15. Have any of you worked in law enforcement?

16. Do any of you have family members or close friends who work in law enforcement?

17. Are any of you so preoccupied with some issue or problem in your life, whether personal or job-related or of any kind whatsoever, that you feel you cannot concentrate on the testimony and evidence in this trial?

18. Are any of you so angered or irritated at having been summoned to jury duty that you feel you cannot give either side a fair trial?

19. Are any members of the panel currently dealing with a mental or physical condition that would make service on the jury impossible?

20. Are any members of the panel currently dealing with a health condition that you believe cannot be accommodated or is not being accommodated?

21. Would any member of the panel experience pain or discomfort to such an extent that it would impact your ability to concentrate on the testimony and evidence if you are required to sit for prolonged periods?

22. Are there any members of the panel who have a physical or mental condition that causes significant impairments to memory or concentration?

23. Are there any members of the panel who have a condition that would affect their ability to hear and see evidence and testimony?

24. Are there any members of the panel who believe they will have significant issues remaining awake if required to sit for a prolonged period?

25. If you were on trial, would you want yourself as a juror?

26. Are there any among you or among your family or close personal friends who at any time prior to today or at present, have been the subject of an investigation by an agency or the state or Federal Government or have any case pending in state or federal court at this time? Short of that, has anyone had an unpleasant experience, either directly or through a family member or friend, involving any agency of the state or Federal Government?

27. Have you, any member of your family, or close personal friends, ever been arrested for or charged with a crime other than a minor traffic violation? If so, what was the offense and what was the disposition?

28. Are there any among you who have been a witness in any type of proceeding? If so, what type of proceeding?

29. As a juror you are responsible for judging the credibility of witnesses. Providing testimony in Court, state or federal, criminal, or civil, can, in and of itself, cause a witness to be nervous. Are they any panel members who would discredit the testimony of a witness for no other grounds than they appeared nervous?

30. Has anyone here ever had a particularly bad or unpleasant experience with a police officer or a federal agent, such that you would be unable to fairly evaluate the testimony of a person who holds one of those positions?

31. Do any among you have any conscientious objection, religious belief, or mental reservation such that you could not, in good faith, sit as a juror in this or any criminal case and return a verdict? In other words, do any of you have a deep personal belief or reservation that would cause you to render a not guilty verdict even if, after fair consideration of the evidence, the government proved beyond a reasonable doubt that the defendant was guilty of one or more of the crimes charged because you don't believe you could sit in judgment of another?

32. Has anyone here heard or read anything in the media regarding this case?

33. Would any member of the jury panel tend to believe the testimony of a government agent rather than the testimony of a defendant or any other

private citizen solely because the agent is a government employee or a law enforcement officer?

34. Would any member of the jury panel tend to discredit the testimony of a government agent rather than the testimony of a defendant or any other private citizen solely because the agent is a government employee or a law enforcement officer?

35. The law of the United States provides that a defendant does not have to testify in any criminal case. Our law further provides that if a defendant fails to testify you may not consider that for any purpose in deciding whether the defendant is guilty. Is there any member of the jury panel who, because of personal feeling or otherwise, would not be able to follow that law?

36. Is there any member of the jury panel that feels that if a defendant does not testify then it is some indication that the defendant might be guilty?

37. Does each member of the jury panel understand that an attorney, whether the prosecuting attorney or the defense attorney, has a legal duty to object to evidence he feels should not be legally admitted before the Court or the jury?

38. Does each member of the jury panel understand that you cannot consider the fact that objections were made to certain evidence, regardless of the Court's ruling, as any indication of a defendant's guilt? In addition, does

each member of the panel understand that you should not consider objections as one side trying to "hide" something?

39. Will each member of the jury panel vote your own personal individual vote in this case regardless of the feelings of the other jurors?

40. Will each member of the jury panel vote your own personal vote even if you are in a very small minority in that vote?

41. Is there any member of the jury panel that thinks that just because the defendant sits here that he is guilty?

42. Does each member of the jury panel understand that if you were called on to vote for guilty or not guilty at this time you would have to vote not guilty because of the presumption of innocence?

43. Does each member of the jury panel understand that your decisions in this case should not be based on the attorneys' performance? In other words, do all members of the panel agree that your decisions should not be based on whether you believe an attorney for the government, or the defendant, did a "good job" or a "bad job."

44. If you are selected as a juror, at the conclusion of the trial the Court will instruct you on the law. As a juror you will be obligated to follow that law. Do any members of the jury believe it is appropriate to *not* follow the law if you disagree with it?

45. Does each member of the jury panel understand that a defendant is not required to prove that he is innocent?

46. Movies and television shows depicting investigations and court proceedings in criminal matters are relatively common. These shows are intended for entertainment purposes and do not necessarily reflect the realities of criminal investigations and court proceedings. Is each member of the panel able to consider the testimony and evidence and the instructions on the law without comparisons to what you've seen on TV or in movies?

47. Are their any members of the jury panel who has personal opinions, beliefs, or reservations that were not addressed in Court's questions, but you believe the Court should be aware of?

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

By:   /s/ *Jared S. Maag*
JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Ph: 785.295.2850 (Office)
Fax: 785.295.2853
jared.maag@usdoj.gov

/s/ *Skipper S. Jacobs*
SKIPPER S. JACOBS, Ks. Bar. No. 26848
Assistant United States Attorney
290 Carlson Federal Bldg.
444 SE Quincy St.
Topeka, KS 66683
Ph: 785.295.2850 (Office)
Fax: 785.295.2853
Skipper.jacobs@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August 2022, I electronically filed the foregoing Proposed Voir Dire Questions with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Melody Brannon
    Counsel for Defendant, and

    Kirk Redmond
    Counsel for Defendant

By:    /s/ *Skipper S. Jacobs*
       Skipper S. Jacobs, Ks. Bar. No. 26848
       Assistant United States Attorney