IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

    v.                                    Case No. 22-CR-40037-HLT

CHASE NEILL,
        *Defendant.*

## Motion to Determine Competency

    The parties jointly request that this Court order that a psychologist or psychiatrist examine Mr. Neill to determine whether he is competent to stand trial.

    1.    Mr. Neill stands charged with a violation of 18 U.S.C. § 115(b). The indictment alleges Mr. Neill threatened to kill Rep. Jake LaTurner via a voicemail message left on the Congressman's office voicemail. Doc. 1. A number of related voicemails were left sequentially late in the day of June 5, and into the morning hours of June 6, 2022. The caller, who identified himself as Chase Neill, made statements in those voicemails indicating his belief that he was obligated by God to issue warnings (and detail the consequences of ignoring those warnings) to certain public figures.

    2.    Mr. Neill first appeared in federal court on June 27, 2022, and was ordered to be detained pending trial. Doc. 4, 6. About six weeks later, the government moved that Mr. Neill be examined for competency. Doc. 28. Defense counsel responded in opposition. Doc. 30. We argued that defense counsel is often in

the best position to evaluate competency questions,[1] and that, in our view, Mr. Neill understood the charges against him and was assisting counsel in mounting a defense. *Id.* at 2-3. The Court overruled the government's motion, but noted "the obligation of counsel to raise the issue if Defendant's competency is later called into question." Doc. 38 at 2, n. 2. In support of its ruling, the Court noted that Mr. Neill "has actively participated in his defense" and "repeatedly engaged with counsel" at a prior hearing. *Id.* at 2-3.

3. Defense counsel states that there is now reasonable cause to believe that Mr. Neill is presently suffering from a mental disease which renders him unable to assist properly in his defense. 18 U.S.C. § 4241(a). Mr. Neill has ceased meaningful participation in his defense, and no longer constructively engages with counsel. The government agrees. Finally, the Court can also rely on its observations of Mr. Neill at court proceedings to reach the same conclusion. In our view, the in-court dynamic between counsel and client is markedly different that what the Court observed at prior hearings.

4. The applicable standard sets a low bar; to order an evaluation, the Court need only find "reasonable cause to believe" that Mr. Neill (1) has a mental

---

[1] *Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996) ("Because legal competency is primarily a function of defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect."); *McGregor v. Gibson*, 248 F.3d 946, 960 (10th Cir. 2001) ("We have stated that although the concerns of counsel alone are insufficient to establish doubt of a defendant's competency, defense counsel is often in the best position to determine whether a defendant's competency is questionable.") (internal markings omitted).

disease, and (2) is unable to assist properly in his defense." 18 U.S.C. § 4241(a).[2] In such a circumstance, the Court has the ability to order that an examination of the defendant be conducted, and a report filed with the Court. We believe that to be appropriate here.

    5.    We do not, however, ask the Court to commit Mr. Neill to the custody of the Bureau of Prisons for an evaluation. The parties met and conferred this morning, and agree that an evaluation can and should be obtained locally. The parties will select an examiner acceptable to both parties, and subsequently request a Court order authorizing that evaluator to visit Mr. Neill at USP Leavenworth.

As officers of the Court, counsel have a professional duty to raise questions of competency even when his client objects.[3] We file this motion to discharge that duty.

We request that the Court order that:

---

[2] We do not believe that Mr. Neill lacks an understanding of the nature and consequences of the proceedings against him.

[3] *United States v. Boigegrain*, 155 F.3d 1181, 1188 (10th Cir. 1998) ("Of all the actors in a trial, defense counsel has the most intimate association with the defendant. Therefore, the defendant's lawyer is not only allowed to raise the competency issue, but, because of the importance of the prohibition on trying those who cannot understand proceedings against them, she has a professional duty to do so when appropriate."); ABA Standards for Criminal Justice 7-4(c) ("Defense counsel should move for evaluation of the defendant's competence to stand trial whenever the defense counsel has a good faith doubt as to the defendant's competence. If the client objects to such a motion being made, counsel may move for evaluation over the client's objection. In any event, counsel should make known to the court and to the prosecutor those facts known to counsel which raise the good faith doubt of competence.")

- There is reasonable cause to believe that Chase Neill has a mental disease, and that mental disease renders him unable to assist properly in his defense;

- An psychological or psychiatric examination will be conducted by an evaluator agreed upon by the parties;

- A report of that examination be provided to the Court.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Ave., Suite 200
Topeka, KS 66603
Telephone: (785) 232-9828
Fax: (785) 232-9886
Melody_Brannon@fd.org


s/ Kirk Redmond
Kirk Redmond, KS #18914
First Assistant Federal Public Defender
117 SW Sixth Avenue, Suite 200
Topeka, KS 66603-3840
Telephone: 785-232-9828
Fax: 785-232-9886
Email: kirk_redmond@fd.org

## CERTIFICATE OF SERVICE

I thereby certify that on September 6, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

s/ Kirk Redmond
Kirk Redmond, KS #18914