# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

v.   Case No. 22-CR-40037-HLT

CHASE NEILL,
          **Defendant.**

## RESPONSE TO THE GOVERNMENT'S NOTICE

After receiving some direct correspondence from Chase Neill, counsel for the Government took the unusual step of attempting to suspend all of Mr. Neill's mail rights and privileges, except to communicate with assigned counsel or record.[1] Mr. Neill is held in pretrial custody in BOP-Leavenworth at the behest of the government. All involved in the case are aware that Mr. Neill is in the midst of proceedings to determine whether he is competent for trial.

Because of the urgency and importance of this issue, we respond in part and without intending to waive any other objections that Mr. Neill may have. But three immediate responses follow.

First, the full suspension of mail rights is not justified under these circumstances. If the USAO choses to not accept mail from Mr. Neill, it is entitled to do so. But the government's "notice" for the U.S. Marshal to suspend all incoming

---

[1] Doc. 66.

and outgoing mail is too heavy a hammer to swing at the few unwelcome letters Mr. Neill allegedly sent to the prosecution. Mr. Neill is in custody against his will, and his ability to communicate with the outside world, including friends and family, is a fundamental and humane exercise.[2] It also carries First Amendment implications. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution . . . . nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside.'"[3]

Second, the effect of the government's request will also directly interfere with Mr. Neill's right to access the courts, which carries separate constitutional implications.[4] His ability to do so is especially important when, as Mr. Neill has expressed, he may have wavering confidence in counsel of record. On that note, the government's proposed restrictions would also prevent him from contacting other counsel about other matters or about this matter, such as an inquiry about retaining private counsel. The government's proposal is too much restriction with too little justification and no law.[5]

---

[2] See The Brennen Center for Justice, *Protecting the Fundamental Right to Mail in Prison*, "The USPS remains a lifeline for **millions** of Americans behind bars. The right to mail is so fundamental for the incarcerated that it is included in the United Nations' **minimum rules** for the treatment of prisoners and the **Geneva Convention**." https://www.brennancenter.org/our-work/analysis-opinion/protecting-fundamental-right-mail-prison (last visited October 24, 2022).

[3] *Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989).

[4] See, e.g., *Trujillo v. Williams,* 465 F.3d 1210, 1226-27 (10th Cir. 2006).

[5] See Doc. 60 at 1-3.

And third, the government's chosen procedure of "notice" to the U.S. Marshal should be rejected. An issue with constitutional implications should not be foisted on the U.S. Marshal, forcing that agency to exercise discretion in what mail to suspend and what to deliver. The government cites no policy or regulation that imposes this obligation in the U.S. Marshal. The matter should be resolved, if at all, by the Court. The Court should excuse the U.S. Marshal from responding to the "notice."

Wherefore, counsel for Mr. Neill asks that the government's notice be stricken and Mr. Neill's access to incoming and outgoing U.S. mail remain available. If the government chooses to pursue this issue, it should be presented to this Court, with appropriate briefing and hearing, for determination.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender
117 SW 6th Ave., Suite 200
Topeka, KS  66603
Telephone: (785) 232-9828
Fax: (785) 232-9886
Melody_Brannon@fd.org


s/ Kirk Redmond
Kirk Redmond, KS #18914
First Assistant Federal Public Defender
117 SW Sixth Avenue, Suite 200
Topeka, KS 66603-3840
Telephone: 785-232-9828
Fax: 785-232-9886
Email: kirk_redmond@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 24, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

                                  s/ Melody Brannon
                                  MELODY BRANNON, #17612