**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA**

        v.                                Case No. **22-CR-40037-HLT**

**CHASE NEILL**,
       *Defendant.*

---

**NOTICE OF REQUEST TO PROCEED PRO SE**

---

By letter received today, Mr. Neill asks that undersigned counsel alert the Court that he will request counsel to serve in a standby capacity, so that Mr. Neill can proceed as lead counsel.[1] We do so with this motion.

If the Court considers this a request to proceed *pro se*, a *Faretta* inquiry will be necessary.[2] *Faretta v. California*[3] recognized a constitutional right to self-representation. That inquiry requires a knowing and intelligent waiver of his right to the assistance of counsel. "The "tried-and-true method for determining that a waiver was knowing and intelligent is to conduct a *Faretta* hearing: a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range

---

[1] Mr. Neill has indicated that he wants the Court to take this issue up on January 17, 2023, when the jury trial is slated to commence.

[2] *United States v. Williamson,* 859 F.3d 843, 862 (10th Cir. 2017).

[3] 422 U.S. 806, 819 (1975).

of allowable punishments and possible defenses, and is fully informed of the risks of proceeding pro se."[4] If Mr. Neill opts to waive counsel, that option should be honored. [5]

But if the Court considers this a request for hybrid representation, we note that Mr. Neill has no such right. He can continue with the service of counsel, or he can represent himself pro se with standby counsel. In that capacity, our role is extremely limited. Mr. Neill would be responsible for conducting the defense; we could assist only with minor evidentiary matters and consult concerning the law.

1. **Hybrid Representation**

There is no constitutional or statutory right to hybrid representation, where a client has the service of counsel but retains the right to control matters of strategy.[6] "*Faretta* does not require a trial judge to permit 'hybrid'

---

[4] *United States v. Vann*, 776 F.3d 746, 763 (10th Cir. 2015) (internal markings omitted); *United States v. Williamson*, 859 F.3d 843, 862 (10th Cir. 2017).

[5] *Godinez v. Moran,* 509 U.S. 389, 400 (1993) (A "defendant's technical legal knowledge is not relevant to the determination whether he is competent to waive his right to counsel, and we emphasized that although the defendant may conduct his own defense ultimately to his own detriment, his choice must be honored.").

[6] *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975); *United States v. Lucas*, 619 F.2d 870, 871 (10th Cir. 1980) (defining hybrid representation as a situation in which the defendant "could participate as co-counsel and still have the services of appointed counsel in more than an advisory role, but subject to his direct control in matters of strategy, examination of witnesses and other functions.")

representation[.]"[7] The Tenth Circuit has explained that it "is certainly true that there is no constitutional right to a hybrid form of representation."[8] "

Nor is there a statutory right to hybrid representation. Congress has provided that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."[9] That statute is "written in the disjunctive" and parties may…conduct their own cases personally or by counsel.' Thus, no statutory right of hybrid representation is accorded."[10]

The Court "certainly has discretion to permit a true hybrid representation if counsel is willing."[11] Counsel is not willing. We are prepared to try this case.

---

[7] *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). District courts do have discretion to adopt this approach. *United States v. Treff*, 924 F.2d 975, 979 n. 6 (10th Cir. 1991); *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975) ("These decisions do not foreclose a trial judge from allowing hybrid representation in appropriate cases; rather, they indicate no right to hybrid representation exists.")

[8] *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir.1995); *United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975); *Church v. Sullivan*, 942 F.2d 1501, 1514 (10th Cir.1991) ("While Church had a right to conduct his own defense under *Faretta v. California*, he had no right to some sort of hybrid representation where he acted as co-counsel.") (internal markings omitted).

[9] 28 U.S.C. § 1654.

[10] *United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975).

[11] *United States v. Lucas*, 619 F.2d 870, 871 (10th Cir.1980) ("The trial court certainly has discretion to permit a true hybrid representation if counsel is willing. However, as Hill points out, the trial court's determination on that issue will not be overturned absent an abuse of discretion."); *Hill*, 526 F.2d at 1024 ("These decisions do not foreclose a trial judge

3

And if we do, "[t]rial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence."[12] If Mr. Neill wants to undertake these responsibilities, that is his right.[13]

### 2. Standby counsel

The role of standby counsel is sharply limited to procedural matters.[14] The Supreme Court has given as examples assisting a *pro se* defendant "in overcoming procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony[.]"[15] *Pro se*

---

from allowing hybrid representation in appropriate cases; rather, they indicate no right to hybrid representation exists.").

[12] *McCoy v. Louisiana*, 138 S.Ct. 1500, 1508 (2018); compare with *Id* ("Some decisions, however, are reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal.").

[13] *Godinez v. Moran,* 509 U.S. 389, 400 (1993) (A "defendant's technical legal knowledge is not relevant to the determination whether he is competent to waive his right to counsel, and we emphasized that although the defendant may conduct his own defense ultimately to his own detriment, his choice must be honored.").

[14] *United States v. McDermott*, 64 F.3d 1448, 1453 (10th Cir. 1995) ("His standby counsel, Mr. Southerland, did nothing more than what standby counsel might be expected to do: consult, make some objections, help with the admission and admissibility of exhibits, and make some motions."); *United States v. Thompson*, 2019 WL 1454013 at 1 (D. Kan. 2019) ("[A]ppointment as standby counsel does not impose the duties held by counsel of record in a criminal case.").

[15] *McKaskle v. Wiggins*, 465 U.S. 168, 182, 184 (1984) (Describing standby counsel's role as "to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals.")

defendants continue to be "personally obliged to abide by federal evidentiary and procedural rules" despite the appointment of standby counsel.[16] A "defendant does not have a constitutional right to choreograph special appearances by counsel"[17]; a decision to proceed *pro se* carries with it the obligation to direct the defense and comply with court procedure.[18]

                              Respectfully submitted,

                              s/ Melody Brannon
                              MELODY BRANNON, #17612
                              Federal Public Defender
                              117 SW 6th Ave., Suite 200
                              Topeka, KS  66603
                              Telephone: (785) 232-9828
                              Fax: (785) 232-9886
                              Melody_Brannon@fd.org

                              s/ Kirk Redmond
                              Kirk Redmond, KS #18914
                              First Assistant Federal Public Defender
                              117 SW Sixth Avenue, Suite 200
                              Topeka, KS 66603-3840
                              Telephone: 785-232-9828
                              Fax: 785-232-9886
                              Email: kirk_redmond@fd.org

---

[16] *United States v. Hansen*, 929 F.3d 1238, 1261 (10th Cir. 2019).

[17] *McKaskle*, 465 U.S. at 183.

[18] *McKaskle*, 465 U.S. at 184 ("Nor does the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course.")

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

s/ Melody Brannon<br>
MELODY BRANNON, #17612